```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MILLER INVESTMENT TRUST, et al.,                            :
                                    Plaintiffs,             :
                                                            :          12 Civ. 04997 (LGS)
                  -against-                                 :
                                                            :          OPINION AND ORDER
XIANGCHI CHEN, et al.,                                      :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

This case is now before the Court upon Defendant Hansen's Motion Requesting Certification Under Rule 54(b) ("Motion"). For the following reasons, Defendant's Motion is denied.

## I. BACKGROUND

On June 26, 2012, Plaintiffs, investors in ShengdaTech, Inc., brought this action against its directors and officers. In their First Amended Complaint, dated August 22, 2012, Plaintiffs added Hansen, Barnett & Maxwell, P.C. ("Hansen") as a Defendant, alleging negligent misrepresentation. On March 14, 2013, Plaintiffs filed the Third Amended Complaint, the currently operative complaint.

On June 21, 2013, the Court granted Defendant Hansen's motion to dismiss for lack of personal jurisdiction. On October 11, 2013, Defendant Hansen filed the instant Motion asking the Court to certify the judgment as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(b).

## II. STANDARD

Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks and citation omitted). "This discretion is to be exercised in the interest of sound judicial administration . . . as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (internal quotation marks and citation omitted). "'[T]here must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978) (quoting *Western Geophysical Co. of Am. v. Bolt Associates, Inc.*, 463 F.2d 101, 103 (2d Cir. 1972)).

### III. DISCUSSION

A certification of the Court's judgment as final would not dispel the "cloud of legal uncertainty" over Defendant Hansen, and would not promote judicial economy. In light of these considerations, the Court finds that there are just reasons for delay and that entry of final judgment as to Defendant Hansen therefore would be premature.

Defendant Hansen argues that it has "a clear and valid interest in having the cloud of legal uncertainty . . . definitively removed at an early point." As Plaintiffs note, however, Defendant Hansen was dismissed from this action for lack of personal jurisdiction and not because of any adjudication on the merits of its defense. Plaintiffs may sue Defendant Hansen in another forum any time before the statute of limitations expires. Defendant Hansen will continue to experience legal uncertainty until then whether or not the judgment is final.

Defendant Hansen next argues that "[i]f Plaintiffs are somehow successful on appeal, it behooves this Court to have Hansen re-enter the litigation as soon as possible to participate in

2

discovery, expert disclosures, court conferences, and dispositive motion practice." Defendant Hansen, however, chose to wait until more than three months after its dismissal and two months after the Court had set a schedule for discovery to move for certification of the judgment. An appeal filed now would be unlikely to reach resolution until long after all fact discovery outside of China closes on January 23, 2014, precluding a smooth reentry into litigation by Defendant Hansen following any appellate decision. The only way to minimize redundancy now would be to stay discovery pending the appeal, an outcome that Defendant Hansen does not seek and one that the Court would not in any event order.

An immediate appeal offers no benefits to the remaining parties and claims but does risk inefficiency. An appellate decision would not narrow or clarify the claims or issues that remain in the case. However, requiring Plaintiff to appeal now may delay the progress of the action. The Court has set an ambitious discovery schedule, which it intends to enforce. Plaintiffs hopefully are devoting their full attention to discovery, and an immediate appeal could interfere with those efforts and necessitate extensions to the current schedule. In the absence of any hardship or injustice that could be remedied by an immediate entry of a final judgment, such interference is unjustified.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Hansen's Motion Requesting Certification Under Rule 54(b) is denied.

The Clerk of the Court is directed to close the motion at docket entry 53.

SO ORDERED.

Dated: October 25, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE