**CONFIDENTIAL**



Jonathan Horne, Esq.
jhorne@rosenlegal.com

April 17, 2014

**BY EMAIL**
The Hon. Lorna Schofield
United States District Judge
40 Foley Square
Thurgood Marshall
United States Courthouse
New York, New York, 10007

    Re:  *Miller Investment Trust v. Chen*, 12-CV-4997-LGS

Dear Judge Schofield:

    We represent Plaintiffs in the above-referenced case, and write to request a pre-motion conference concerning a motion to compel Defendants A. Carl Mudd and Sheldon B. Saidman ("Defendants") to answer deposition questions that they refused to answer, claiming the facts sought by the question were privileged (the "Facts").[1] The Facts are not privileged because (1) privilege protects communications, not facts, (2) some of the documents about which Defendants refused to answer questions were created by a third party, and (3) any privilege that attached to the Facts was waived in the four cases filed and several press releases issued by the privilege holder and in Defendants' own testimony all relying on the Facts.[2]

    **I.  Background**

    Non-party ShengdaTech, Inc., is a bankrupt Nevada corporation that was publicly traded on a U.S. stock exchange but whose operations took place entirely in China. Its registered independent auditor was KPMG, a Hong Kong Partnership. Plaintiffs bought about $8.75 million of its bonds in a $130 million offering closing in December 2010. On March 3, 2011, KPMG informed ShengdaTech that it had uncovered "potentially serious discrepancies and unexplained issues relating to [ShengdaTech's] financial records." On March 4, ShengdaTech formed a special committee of its Board (the "Special Committee"), claiming its purpose was to investigate ShengdaTech's alleged misconduct. The Special Committee then retained law firms and PricewaterhouseCoopers China ("PwC"). ShengdaTech publicly disclosed several of the investigation's conclusions, including that ShengdaTech's financial statements "may have been fabricated in whole or in part" and that ShengdaTech had employed fake transactions with a

---

[1] At deposition, the Defendants did not raise the attorney work-product doctrine.
[2] Defendants claim that the information contained in this letter is confidential and we request that the Court not place the letter on its public docket. The parties have conferred in good faith in person at the depositions and on the phone thereafter and have not resolved the dispute. This is the first request for this relief.

1

dense web of purported customers and suppliers actually owned by its CEO to "vastly" overstated its sales. A ShengdaTech Liquidating Trust (the "Trust") has been established to liquidate ShengdaTech's assets, including its *choses in action*.

Most of the evidence of ShengdaTech's fraud is located in China, as are virtually all of the witnesses,[3] including all defendants except Mudd and Saidman. We have requested documents through letters rogatory, but have not received a response.

## II. Defendants' claim of attorney-client privilege is meritless.

At their depositions, Mudd and Saidman improperly invoked the attorney-client privilege to be relieved of their obligation to answer to Plaintiffs' questions, though Saidman at least also testified to privileged matters. (Exhibit 1). The sole basis for Mudd and Saidman's objection was that any information they learned as members of the special committee members was protected by the attorney-client privilege. The elements of privilege are:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived

*United States v. Bein*, 728 F.2d 107, 112 (2d Cir. 1984)

### a. Documents created by a third party are not privileged.

Defendants refused to answer questions about facts contained in three reports created by KPMG and provided to ShengdaTech that were produced to Plaintiffs by the ***Trust***, claiming the facts in those documents were privileged. KPMG was ShengdaTech's third-party auditor. It was retained by ShengdaTech to conduct its audit, rather than by the Special Committee, who hired PwC instead. Documents provided from and discussions had with a third party are not privileged because the attorney-client privilege protects communications clients make to their own attorneys, not someone else's. *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036 (2d Cir. 1984).[4] Defendants must answer questions concerning the three KPMG reports.

### b. Bare facts are not privileged.

The attorney-client privilege protects ***communications***, not the underlying ***facts***, and facts that a lawyer learned from third parties and relayed to a client are not privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) ("a litigant [cannot] refuse to disclose facts simply because that information came from a lawyer"); *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 11 CIV. 5201 DLC, 2013 WL 1700923, at *1-2 (S.D.N.Y. Apr. 16, 2013) ("*FHFA*") (facts contained in memoranda created by counsel in part to provide legal advice to clients were discoverable); *Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.) Inc.*, 111 F.R.D. 76, 82 (S.D.N.Y. 1986). Here, Defendants have refused to state the Facts simply because they may have learned

---

[3] The most obvious witnesses are former ShengdaTech employees, almost all of whom are located in China where ShengdaTech operated, current or former employees of KPMG, a Hong Kong Partnership, the most important employees of whom are also located in China, and current and former employees of PricewaterhouseCoopers China, also located in China.

[4] The witnesses' and counsel's on-the-record communications suggest that they have withheld some documents by asserting privilege. We request that the Court orders Defendants to produce documents to the same extent that it orders them to respond to questions.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

the facts from the Special Committee. For example, both Mudd and Saidman were asked whether ShengdaTech's financial statements for the years 2008 and 2009 contained false statements. Both Mudd and Saidman stated that at the time the financial statements were published they believed certain specific statements (for example, ShengdaTech's 2009 revenues) were true. But they refused to say whether or not the statements actually *were* true, claiming – wrongly – that this bare fact may be privileged if they learned it as Special Committee members.[5] *Rhone-Poulenc*, 32 F.3d 864; *FHFA*, at *1-2; *Women's InterArt Ctr., Inc. v. N.Y.C. Econ. Dev.*, 223 F.R.D. 156, 160 (S.D.N.Y. 2004) (compelling disclosure of factual information provided in communication to client); *H.W. Carter & Sons, Inc. v. William Carter Co.*, 95 CIV. 1274 (DC), 1995 WL 301351, at *2 (S.D.N.Y. May 16, 1995) (permitting plaintiffs to ask factual information of non-lawyers though the facts were discovered through an internal investigation).

[redacted] And Defendants have done nothing to meet their burden to prove that the facts actually are privileged, leaving it to Plaintiffs to prove that they are not. *In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973). (Exhibit 4).

    c. *Any privilege has been waived.*

Plaintiffs got the three KPMG reports by a subpoena on the Trust. The Trust represented to Plaintiffs that it was only producing to Plaintiffs documents it had already produced to the SEC. Further documents produced by the Trust have shown that ShengdaTech also voluntarily produced the KPMG reports to the NASDAQ. Hence, ShengdaTech has produced the documents to three separate third parties, waiving any attorney-client privilege it might have held.

Similarly, ShengdaTech has disclosed much of the information Defendants claim is privileged in public documents – including its own SEC filings,[6] two of its own cases against Mr. Chen,[7] its own bankruptcy filings,[8] its own case against KPMG,[9] and its own press releases.[10] And Defendants themselves testified to the Facts when it suited their purpose; for example, Saidman testified that the investigation showed there was nothing he could have done to detect ShengdaTech's fraud, though he declined on privilege grounds to answer any follow-up questions. (Exhibit 1). ShengdaTech and Defendants cannot use information they label privileged to advance their interests but retreat behind the privilege to prevent examination.

---

[5] See Exhibit 2, attached.

[6] *See, e.g.*, Form 8-K filed May 5, 2011 (listing discrepancies) (available at < http://www.sec.gov/Archives/edgar/data/1160165/000114420411026541/v221066_8k.htm>.)

[7] *ShengdaTech, Inc. v. Chen*, 11-05082-btb (Bankr. D. Nev.), Dkt. # 4-2, at ¶5 ("certain of the financial records of the Debtor may have been falsified in whole or in part"); *ShengdaTech Liquidating Trust v. Chen*, 13-ap-5047 (Bankr. D. Nev.) (Dkt. # 1 at ¶¶ 44-45) (describing false entries in ShengdaTech's financial statements based on Special Committee's investigation).

[8] *In re ShengdaTech, Inc.*, 11-52649 Dkt. # 540, First Amended Disclosure Statement, at 25 (available at < http://cases.gcginc.com/sdt/pdflib/540_52649.pdf >) (stating that Special Committee had discovered that sales to third parties secretly owned by ShengdaTech's CEO were vastly overstated).

[9] *ShengdaTech Liquidating Trust v. KPMG*, 11-52649 (Bank. D. Nev. 2013). ShengdaTech's complaint alleges the facts found in the three KPMG reports as well as the PwC memo.

[10] *E.g.* ShengdaTech Announces Findings of Internal Investigation, issued October 17, 2012.

3

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

**CONFIDENTIAL**

       For the foregoing reasons we respectfully request a pre-motion conference concerning our motion to compel and such other relief as the Court deems proper.

                                      Respectfully submitted,
                                      /s/_____
                                      Jonathan Horne, Esq.

cc: All counsel of record (by email)
    Miriam Bahcall, Esq., counsel to ShengdaTech's Liquidating Trustee (by email)

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827